# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case Number: 4:19-cr-00242 |
| § | Judge Mazzant |
| MISHAY G. MCMANIGELL (4) § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Reconsideration with Administrative Remedies and Loss of Caregiver for Minor Child 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. #411).  The Court, having considered the motion and relevant pleadings, finds that the motion should be **DENIED**.

### BACKGROUND

On September 10, 2020, Defendant Mishay McManigell was sentenced to 121 months' imprisonment after she was found guilty of Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (Dkt. #274).  Subsequently, on August 1, 2022, Defendant filed a motion for compassionate release, citing her underlying health conditions, the threat of the COVID-19 pandemic, and the deteriorating health of her mother who is her son's primary caregiver (Dkt. #409).  The Court denied Defendant's motion for failing to provide proof that she had exhausted her administrative remedies in accordance with 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. #410).  Now, Defendant files a motion to reconsider her original motion and claims that she exhausted her administrative remedies before filing her original motion (Dkt. #411).

## LEGAL STANDARD

### I. Motions to Reconsider

Although motions for reconsideration are not "explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (per curiam). The Supreme Court has analyzed reconsideration motions in criminal cases similarly to those in the civil context, at least as to the motions' effect on appellate deadlines. *United States v. Healy*, 376 U.S. 75, 77–80 (1964). Courts have inferred from the reasoning in *Healy* that "motions to reconsider in criminal prosecutions are proper and [should] be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Where, as here, a defendant files a motion to reconsider more than twenty-eight days after the denial of the compassionate-release motion, the Fifth Circuit has stated that courts should "treat it as if it were a Rule 60(b) motion, as long as the grounds asserted . . . would also support Rule 60(b) relief." *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021) (per curiam) (quotation omitted).

A court may grant a Rule 60(b) motion in a civil case for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, the judgment is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). "Not enumerated, but acknowledged by the Fifth Circuit as a basis for Rule 60(b) relief, is to rectify an obvious error of law." *Garrett*, 15 F.4th at 339 n.5 (quotation omitted). Decisions on Rule 60(b) motions are "left to the sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quotation

omitted).

## II. Motions for Compassionate Release

### A. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described

3

what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id.* at 392 ("But the [First Step Act] left

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

4

undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement.

6

Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. A Defendant would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to his motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that a defendant must first ask the BOP to file his compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy

statement implements 28 U.S.C. § 994(a)(2) and (t).").  Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes.  To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court.  *Shkambi*, 993 F.3d at 392.  But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### C.  18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A).  These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

(5) any pertinent [Sentencing Commission] policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

Defendant moves for compassionate release based on health concerns in conjunction with the COVID-19 pandemic (Dkt. #410); (Dkt. #411). Furthermore, Defendant argues that her mother's health is worsening, which jeopardizes the care provided to her child since Defendant's mother is the child's primary caregiver (Dkt. #410) (Dkt. #411). The Court must deny Defendant's motion for two separate reasons.

First, as it relates to concerns regarding her mother's health, Defendant has failed to meet § 3582(c)(1)(A)'s exhaustion requirement, and therefore, the Court may not consider this ground for compassionate release. Second, Defendant has not provided the Court with any records detailing her medical conditions, so the Court cannot evaluate the merits of whether her conditions would constitute "extraordinary and compelling reasons" for compassionate release. Therefore, Defendant's motion is denied.

### I. Defendant Has Only Met § 3582(c)(1)(A)'s Exhaustion Requirement in Part.

The Court may only consider Defendant's motion for compassionate release if she first meets § 3582(c)(1)(A)'s exhaustion requirement. Courts may not consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Fully exhausting administrative remedies requires a denial

by the warden of a defendant's facility or waiting thirty days without receiving a response to a request, whichever is earlier.[4] *Id.*

Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . ."); *United States v. Reeves*, No. 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."). If a defendant has not sought relief from the BOP, or has not waited thirty days since seeking relief, the Court may not consider her motion.

After having her motion denied for failing to exhaust her administrative remedies, Defendant has now offered proof that she sent an email to the warden of her facility regarding her compassionate release (Dkt. #411, Exhibit 1). In an email dated May 16, 2022, Defendant wrote to the RIS Coordinator at her facility and asked to be considered for compassionate release (Dkt. #411, Exhibit 1). Specifically, she stated that she should be considered for compassionate release because she suffers from obesity, asthma, migraines, and bipolar disease, and she has an extensive history of smoking (Dkt. #411, Exhibit 1).

For the purposes of Defendant's compassionate-release motion, one crucial defect is that Defendant never raised her concerns over her mother's health with the warden at her facility. Therefore, Defendant has not met § 3582(c)(1)(A)'s exhaustion requirement as to this point. As

---

[4] BOP regulations define "warden" to include "the chief executive officer of . . . any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *c.f. United States v. Campagna*, 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (holding that "the denial of Defendant's request by the Residential Re-entry Manager suffices to exhaust his administrative rights").

this Court has previously stated, "to exhaust her administrative remedies, a prisoner must first present to the BOP the *same grounds warranting release* that the prisoner urges in her motion." *United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) (emphasis added); *see also United States v. Rath*, No. 4:05-CR-00076(1), 2023 WL 425105, at *4–5 (E.D. Tex. Jan. 26, 2023) (denying compassionate release for failing to raise grounds with warden of facility). And "the exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release." *United States v. Cantu*, No. 7:17- cr-01046-2, 2022 WL 90853, at *1 (S.D. Tex. Jan. 5, 2022) (citation omitted). As such, the Court will not consider the health concerns of Defendant's mother; Defendant's motion as to that argument is denied for failure to exhaust her administrative remedies.

There remains the question of whether Defendant actually exhausted her administrative remedies as to her *own* health problems—the grounds she raised in an email to the RIS Coordinator at her facility.  Elsewhere, it appears courts have honored an email to an RIS coordinator as fulfilling the requirement that a request be sent to the warden of the defendant's facility.  *See United States v. Cunningham*, No. CR 3:18-00211, 2021 WL 518343, at *2 (S.D.W. Va. Feb. 10, 2021).  Thus, the Court will treat Defendant's email as sufficient here.  Defendant sent her email to the RIS Coordinator on May 16, 2022, and she apparently did not receive a response (Dkt. #411, Exhibit 1).  Because Defendant waited thirty days before filing her original motion, she met § 3582(c)(1)(A)'s exhaustion requirement.  However, her motion nevertheless fails because she has not established "extraordinary and compelling reasons" for her early release.

      **II.**     **Defendant Has Not Met § 3582(c)(1)(A)'s Requirement that "Extraordinary and Compelling Reasons" Warrant a Sentence Reduction.**

Defendant's compassionate release motion turns on her assertion that health risks associated with COVID-19 constitute extraordinary and compelling reasons to reduce her

11

sentence. In other words, because her health problems predispose her to more severe symptoms of COVID-19, the Court should grant her motion. Defendant's argument fails because she has not provided the Court with any medical records showing her health conditions are "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).

As a general matter, COVID-19 concerns do not fall within the first category of "extraordinary and compelling reasons" identified within the Sentencing Commission's guidelines. Section 1B1.13's application note 1 provides the following two circumstances under which a defendant's medical condition may warrant a sentence reduction:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13 cmt. n.1(A). Thus, the mere existence of COVID-19 in society cannot independently justify a sentence reduction. *See United States v. Miller*, No. 2:17-CR-015-D, 2020 WL 2514887, *2 (N.D. Tex. May 15, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.").

Nevertheless, Defendant argues that her underlying health conditions, coupled with the pandemic, constitute extraordinary and compelling reasons here. But Defendant has not provided any evidence, through her original motion or the pending motion to reconsider, that she is currently suffering from any ailments. Given that Defendant has failed to provide evidence demonstrating the severity of her health conditions, the Court finds that Defendant has failed to meet her burden of demonstrating extraordinary and compelling reasons for her early release. *See United States v. Pearce*, No. 3:19-CR-0088-B-1, 2022 WL 992738, at *3 (N.D. Tex. Apr. 1, 2022) ("However, Pearce does not provide any medical records to substantiate his medical conditions . . . Without these records, the Court is unable to accurately evaluate his arguments and must deny his motion.") (emphasis omitted); *see also United States v. Bozeman*, No. CR 14-154, 2020 WL 5819852, at *2 (E.D. La. Sept. 30, 2020) ("Defendant has failed to provide any evidence of the existence or severity of his hypertension; therefore, Defendant has failed to meet his burden, and his motion for compassionate release must be denied."). Therefore, this ground for compassionate release is denied.

Although Defendant has also pointed to her rehabilitative efforts since being incarcerated, rehabilitation alone cannot provide a basis for finding extraordinary and compelling reasons. *See Shkambi*, 993 F.3d at 392; *Brooker*, 976 F.3d at 237; *United States v. Hignight*, No. 4:14-CR-129(4), 2021 WL 5299249, at *6 (E.D. Tex. Nov. 12, 2021) (collecting cases). Since the Court disposes of Defendant's other argument for extraordinary and compelling reasons, Defendant's rehabilitation here cannot be grounds for a reduction in her sentence. *See id.* Therefore, while the Court lauds Defendant for her efforts towards building a more productive life, she has not

presented an extraordinary and compelling reason for compassionate release. Accordingly, her motion is denied.[5]

* * *

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Defendant has failed to meet the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i), her motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Reconsideration with Administrative Remedies and Loss of Caregiver for Minor Child 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. #411) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 12th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] Given Defendant's failure to meet § 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.